**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | |
|---|---|
| **CLIFTON DEVON SMITH** | **CIVIL ACTION NO. 05-343** |
| **VS.** | **SECTION P** |
| **RONALD E. WARE** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is Clifton Devon Smith's *pro se* civil rights (42 U.S.C. § 1983) complaint filed on February 23, 2005. Smith is currently housed in the Calcasieu Correctional Center (CCC), in Lake Charles, Louisiana. In his complaint, plaintiff names his court-appointed attorney, Ronald Ware (who is also identified as the "Executive Director" at the Public Defender's Office) as his defendant herein.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

## STATEMENT OF THE CASE

The basis of plaintiff's claim herein is ineffective assistance of counsel in violation of his 6th Amendment Rights. More specifically, defendant Ronald Ware was appointed to represent plaintiff on unspecified charges in Louisiana's Fourteenth Judicial District Court. In regard to that representation, plaintiff claims that defendant Ware has "ineffectively defended me against the allegations at issue and he has denied all available access to the resources available to do so. Legal motions that would work in my favor are continuously refused to be filed...he is... ignoring my

telephone calls....He refuses to do anything I ask of him...Mr. Ware ineffectively represents me at hearings instead he allows the prosecutors the opportunity to proceed without me having an adequate defense." [Doc. #1, p.3].

As a result of the above, plaintiff seeks to have defendant Ware removed from his case, and plaintiff requests that defendant Ware have the responsibility of finding plaintiff effective representation.

## LAW AND ANALYSIS

### I. Frivolity

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915.[1] Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that

---

[1] On May 17, 2004, this court revoked plaintiff's right to file a civil action without payment of the required filing fee. That sanction was imposed as a result of plaintiff forging, on two occasions, Sheriff Beth Lundy's signature on an *IFP* application. Thus, by filing this suit (as well as 04-2291) without first seeking approval from the court, plaintiff is in violation of the court's order of 5/17/04. The court hereby puts plaintiff on notice, that should he file another civil rights action in which he desires to proceed *in forma pauperis,* he must first seek the court's approval. Failure to do so will result in the dismissal of his case as well as monetary sanctions.

The court also notes that plaintiff has had two previous civil actions filed in this court dismissed as frivolous pursuant to 28 U.S.C. § 1915(e): *Smith v. Frey, et al,* 03 cv 1619, (W.D.La. 2003); and *Smith v. Ware, et al*, 03 cv 1978 (W.D.La. 2003). Additionally, this court has recommended the dismissal as frivolous of yet another civil rights case filed by plaintiff. See, *Smith v. Mancuso, et al,* 04 cv 2291. After review of all claims raised herein, the undersigned has recommended plaintiff's claims herein to be dismissed as frivolous. Therefore, the instant recommended dismissal constitutes a third (and maybe fourth) strike against plaintiff pursuant to 28 U.S.C. § 1915(e). Thus, in addition to the May 17, 2004, revocation of plaintiff's right to file a civil action without payment of the required filing fee without first seeking approval from the court, this court also recommends that should either of plaintiff's pending civil actions be dismissed as frivolous, plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis*, except for cases involving an imminent danger of serious physical injury, as plaintiff will have acquired "three strikes." See, *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

2

the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(I) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

## II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under §1983. In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

Plaintiff has submitted a thoroughly-pleaded complaint which specifically details his theories of liability with respect to the named defendant. The thoroughness of the complaint convinces the

3

court that plaintiff need not be afforded the opportunity to amend. As is shown hereinafter, no set of facts consistent with the facts already alleged could salvage the complaint. Accepting all of plaintiff's allegations as true, the court concludes that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## III. SIXTH AMENDMENT CLAIM

Plaintiff alleges an "Ineffective Assistance of Counsel claim" in violation of his Sixth Amendment Rights. More specifically, plaintiff claims that he has consistently been denied effective assistance of counsel since defendant Ware was appointed to represent him. However, the plaintiff cannot maintain a § 1983 civil rights action based upon the alleged deprivation of his Sixth Amendment rights. As previously stated, to obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). Attorneys, even court-appointed ones, do not act under color of state law when they perform a lawyer's traditional function as defense counsel in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); See also, *Mills v. Criminal District Court #3*, 837 F.2d 667, 679(5th Cir. 1988) citing, *Nelson v. Stratton*, 469 F.2d 1155(5th Cir. 1972). Plaintiff's only allegation of a constitutional violation against this defendant arose out of his representation of plaintiff on criminal charges. Plaintiff's court appointed attorney did not act under color of state law when he represented plaintiff in his criminal case. Accordingly, plaintiff's complaint in this regard lacks an arguable basis in law and should be dismissed as frivolous pursuant to 28

4

U.S.C. § 1915(e)(2)(b)(i).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e).

**IT IS ALSO RECOMMENDED** that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 25th day of July, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE